a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HENRY C. ANEKWU, Petitioner | CIVIL ACTION NO. 1:18-CV-142-P |
| VERSUS | JUDGE DEE D. DRELL |
| DAVID COLE, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Henry C. Anekwu ("Anekwu") (A#087618083). Anekwu is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Anekwu challenges the legality of his convictions of mail fraud, wire fraud, and telemarketing fraud. Because Anekwu cannot established that he meets the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed.

I.  Background

Anekwu was convicted of mail fraud, wire fraud, and telemarketing fraud against the elderly. U.S. v. Anekwu, 695 F.3d 967 (9th Cir. 2012). Although Anekwu claims he did not appeal or file a motion to vacate under § 2255, both Westlaw and court records indicate that Anekwu did appeal, and his conviction was affirmed. U.S. v. Anekwu, 695 F.3d 967 (9th Cir. 2012). The United States Supreme Court denied writs. Anekwu v. U.S., 569 U.S. 989 (2013).

Court records also indicate Anekwu filed a § 2255 motion in the court of conviction. Anekwu v. U.S., 03-cr-1151, 2014 WL 12710727 (C.D. Cal. Dec. 3, 2014). The motion was denied, as was Anekwu's subsequent motion for relief from judgment. Anekwu v. U.S., 03-cr-1151, 2015 WL 13450806, at *1 (C.D. Cal. Dec. 15, 2015).

In his § 2241 petition, Anekwu claims that he "was not indicted by the grand jury," and his indictment was falsified. (Doc. 1).

II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

Anekwu challenges his conviction based on an allegedly defective indictment – an alleged error that occurred prior to sentencing. Thus, Anekwu must proceed under § 2255 in the court of conviction.

Section 2255(e) provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. This "savings clause" allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904. Anekwu does not allege that he meets any of

the requirements of the savings clause, and he has not identified a retroactively applicable Supreme Court decision establishing his innocence.

To the extent Anekwu attempts to challenge his removal order, a petition for review filed in the appropriate court of appeals is the exclusive means for judicial review. See 8 U.S.C. § 1252(a)(5); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005); Merlan v. Holder, 667 F.3d 538, 539 (5th Cir. 2011) (district court did not have jurisdiction to review the final removal order pursuant to the provisions of the REAL ID Act); Castillo–Perales v. Holder, 411 Fed.Appx. 695, 695–696 (5th Cir. 2011) ("The Real ID Act stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders.").

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Anekwu's § 2241 petition be DENIED and DISMISSED, with prejudice to the jurisdictional issue, and without prejudice as to the merits of Anekwu's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

4

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of February, 2018.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge